UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES ALBERT JONES,

        Plaintiff,

        v.                              Case No. 25-cv-0742-bbc

TRINT FOOD SUPERVISOR COOKER,
OFFICER DANCULOVISCH,
NURSE LIVI, and
NURSE DASIA,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff James Albert Jones, who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Community Reintegration Center. This matter comes before the Court on Jones' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Jones has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Jones has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). Based on a review of that statement, the Court finds that Jones has neither the assets nor the means to pay an initial partial filing fee.

Accordingly, the Court will waive the requirement that Jones pay an initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Jones, on April 23, 2025, he ate rice and brown meat that was spoiled or improperly prepared. The next day, he became very sick. He asserts that he threw up six times and had bloody diarrhea, headaches, and stomach cramps. A dorm officer allegedly called the health services unit, and Jones was instructed to submit a sick call slip. Jones states that he submitted a slip but was not seen until the next day when a doctor came to see all the residents in his dorm who had submitted a sick call slip. He explains that a doctor gave him a cup for a stool sample, which Jones was able to provide later that day. Jones asserts that he notified Officer Danculovisch that the sample was ready, and the officer allegedly called the health services unit to let them know. Jones explains that no one came to collect the sample, so he notified Nurse Dasia, who was handing out medication. She allegedly told him that she could not take the sample at that time. Later, Nurse Dasia allegedly informed Jones that Nurse Livi informed her that health services no longer required the sample, so Jones could dispose of it. Jones asserts that he wanted to be tested to prove he had food poisoning. According to Jones, some inmates were transported to the hospital, but he just received a little Gatorade for three days.

### ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). It appears that Jones was a pretrial detainee at the

3

relevant time, so claims based on the conditions of his confinement, including the medical treatment he received, arise under the Fourteenth Amendment, which prohibits objectively unreasonable conditions for pretrial detainees. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). However, even with an "objectively unreasonable" standard, the Supreme Court has consistently emphasized that "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015).

Jones fails to state a claim against kitchen staff because nothing suggests that the unfortunate food poisoning event was the product of anything more than negligence, which is insufficient to support a constitutional claim. If Jones wants to pursue a negligence claim, he may do so in state court. The Court offers no opinion on the merits of such a claim.

Jones also fails to state a claim against Officer Danculovisch, who reported to health services that Jones' stool sample was ready. Officer Danculovisch reasonably performed his job duties by notifying health services of Jones' need, and because there is no vicarious liability under §1983, he is not liable for health services' response. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights . . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job."). Nor does Jones state a claim against Nurses Livi and Dasia, who merely informed Jones that testing of the stool sample was no longer necessary. According to Jones, "most of the jail" experienced food poisoning that day. Accordingly, it was not unreasonable for medical staff to decide that further testing to confirm what they already knew was unnecessary. Nor do the allegations suggest that Jones required treatment other than rest and Gatorade to help him stay hydrated. Food poisoning is an unpleasant but not uncommon occurrence for *all* people, and the vast majority—

4

like Jones—recover without medical intervention. Accordingly, the Court cannot reasonably infer that the treatment Jones received was objectively unreasonable under the Fourteenth Amendment.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Jones believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **September 12, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Jones' failure to state a claim in his original complaint. If Jones does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Jones' motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **September 12, 2025**, Jones may file an amended complaint if he believes can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jones a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Jones shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from Jones' prison trust account in an amount equal to 20% of the preceding month's income credited to the

prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jones is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jones' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Jones is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jones is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any

change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on August 15, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge