UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES ALBERT JONES,

      Plaintiff,

      v.                                Case No. 25-cv-0742-bbc

TRINITY FOOD SERVICE GROUP and
TRINITY FOOD COOKER,

      Defendants.

---

## SCREENING ORDER

---

    Plaintiff James Albert Jones, who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Community Reintegration Center. On August 15, 2025, the Court screened the complaint and after concluding that it failed to state a claim upon which relief could be granted, gave Jones the opportunity to file an amended complaint, which he did on August 29, 2025. This decision screens the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

Despite the Court explaining in the original screening order that the complaint failed to state a claim on which relief could be granted, Dkt. No. 10, Jones' allegations in the amended complaint are nearly identical to his allegations in the original complaint. *Compare* Dkt. No. 1 *and* Dkt. No. 11. According to Jones, on April 23, 2025, he and other inmates ate rice and brown meat that was spoiled or improperly prepared. The next day, he became very sick, including having stomach cramps, bloody stool, and migraines. Jones explains he was diagnosed with food poisoning. According to Jones, a kitchen worker did not follow food safety and preparation rules, resulting in spoiled food being served. Jones asserts that the kitchen worker was not properly supervised.

### ANALYSIS

As already noted in the original screening order, it appears that Jones was a pretrial detainee at the relevant time, so claims based on the conditions of his confinement arise under the Fourteenth Amendment, which prohibits objectively unreasonable conditions for pretrial detainees. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). The Supreme Court has consistently emphasized that, even with an "objectively unreasonable" standard, the "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015).

2

As previously explained, Jones does not state a claim against the unidentified kitchen worker or Trinity Food Service Group because no allegations suggest that the unfortunate food poisoning incident was the product of anything more than negligence, which is insufficient to support a constitutional claim. While a kitchen worker's failure to comply with food preparation policies may be deserving of discipline from his employer, §1983 protects plaintiffs from constitutional violations, not violations of departmental policies or procedures. *See, e.g., Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). If Jones wants to pursue a negligence claim, he may do so in state court. The Court offers no opinion on the merits of such a claim.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on September 4, 2025.

s/ *Byron B. Conway*  
BYRON B. CONWAY  
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.